STATE OF MAINE  SUPERIOR COURT
PENOBSCOT, SS. Docket No. CV-05-93

DAVID FIACCO, )
    Plaintiff, )
        )
        )
        )
    v.      )    **ORDER**
        )
        )
VICTOR KRAFT, )
    Defendant. )

FILED & ENTERED
SUPERIOR COURT

AUG 26 2005

PENOBSCOT COUNTY

   The Plaintiff has requested the Defendant's investigative files for 2002 and 2005 regarding certain work he performed at the request of an attorney on behalf of the Sigma Alpha Epsilon (SAE) fraternity at the University of Maine. Defendant has objected to the production of the files. A discovery dispute conference was held on June 29, 2005, at which time the court invited the parties to submit memoranda. The parties have done so and the court rules as follows.

   This civil action results from a troubling and unpleasant set of circumstances. The facts are well developed in the parties' memoranda and need not be repeated in full. Briefly, the Plaintiff is a University of Maine employee whose employment included presiding over a disciplinary board. The board was investigating allegations against the SAE fraternity. The fraternity retained N. Laurence Willey, Esq., to defend the allegations before the board. Attorney Willey secured the services of the Defendant, a licensed private investigator, to undertake an investigation of the circumstances of the complaint(s).

   The parties agree that the Defendant learned during the course of his investigation that the Plaintiff had been previously convicted of Driving While Intoxicated and had a protection order issued against him. Some unknown person transmitted this information to University of Maine Officials and news media in the form of an unsigned memo which asks whether the Plaintiff was the "best qualified candidate" for the Office of Judicial Affairs. Defendant denies that he was the person who prepared or disseminated the memo.

   With no overt proof that Defendant prepared or disseminated the memo, the Plaintiff concedes in his July 18, 2005, memo to the court that he cannot possibly prove his case against the Defendant (or others) unless he is allowed access to Defendant's files or information regarding the person(s) to whom he conveyed the information. Defendant asserts that the facts as alleged in the Complaint, even taken as true, do not establish any viable cause of action in tort.

Although the court does not reach the issue of the viability of the Complaint in this discovery context, it should be noted that no party asserts that the information is untrue. Likewise, neither party asserts that the Plaintiff was threatened with disclosure of the information unless he undertook some course of action. The perpetrator of this rather nasty maneuver simply transmitted the material in a very public way with a statement which questioned the Plaintiff's suitability for his position in the Office of Judicial Affairs.

The Defendant's activities in this matter were occasioned by his service to attorney Willey who, in turn, was representing the fraternity in conjunction with a disciplinary proceeding before a judicial board. As such, the court must conclude that the Defendant's investigative files are privileged under the attorney-client privilege and the work product privilege.

The Plaintiff argues that facts regarding his personal circumstances have no relevance to the disciplinary proceeding and fall outside the protection of the privileges. The point is well taken, but the fact remains that the information was obtained – misguidedly perhaps – as part and parcel of an investigation performed at the behest of an attorney in conjunction with legal representation. As such, it is within the scope of the privileges.

If the information was part of a fraudulent scheme or crime, clearly the privileges would offer no protection. However, the simple public dissemination of public information cannot constitute fraudulent or criminal conduct even if it is done with the darkest of motives.

In no way does the court condone the conduct of the author and/or disseminator of the memo. It was a cowardly and reprehensible act of ill will for which the perpetrator now hides behind the veil of privilege. It was a shameful course of action which is beneath contempt.

Accordingly the court somewhat reluctantly orders that the contents of the Defendant's investigative files are exempt from disclosure pursuant to the privileges cites above. So Ordered.

The Clerk may incorporate this Order upon the docket by reference.

Dated: August 25, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

from cases where the Department of the Attorney General enters an appearanc An appearance has not yet been entered for the Defendant. However, to avoid a prospective confilict, I recuse from this case, which shall be assigned to another Justice. (Hjelm, J.) Copy forwarded to Plaintiff, Pro Se.